**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES REPIKA, | ) |
|                Plaintiff, | ) ) ) |
| vs. | ) ) |
| CONSUMER RECOVERY ASSOCIATES, LLC, | ) ) |
|                Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff James Repika brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Consumer Recovery Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff James Repika is an individual who resides in the Northern District

of Illinois.

6. Defendant Consumer Recovery Associates, LLC is a limited liability company organized under Virginia law with offices at 135 Interstate Boulevard, Suite 8, Greenville, SC 29615.

7. Consumer Recovery Associates, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

8. Consumer Recovery Associates, LLC is a debt collector as defined in the FDCPA.

## FACTS

9. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes.

10. During January 2010, defendant called plaintiff and left the following message:

> **This is Melissa. As soon as possible I need to contact James Repika. I need James to contact me back as soon as possible. There is a matter here that I need to go over with him, it is regarding some papers he definitely needs to be aware of, so please have James contact me as soon as possible. My number is 866-582-5621. That's 866-582-5621. Please have James call me back as soon as possible.**

11. The number 866-582-5621 is used by defendant.

12. The calls did not identify the company calling or state that the calls were for debt collection purposes.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

15. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005);

*Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

16. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

   a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

   b. The messages did not identify defendant.

17. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

18. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

   (1) Statutory damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other and further relief as the Court deems proper.

3

                                           s/ Daniel A. Edelman
                                           Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/ Daniel A.Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24111\Pleading\Complaint_Pleading.wpd